IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────

STEPHEN S. ZICK,

                          Plaintiff,                    OPINION & ORDER

v.

                                                            12-cv-407-wmc

UNITED STATES OF AMERICA,

                          Defendant.
───────────────────────────────────────────────────────────

The court held a final pretrial conference on September 27, 2013, at which the court ruled on a number of contested exhibits, as well as defendant's motions in limine (dkt. #71) for reasons stated on the record. Prior to the conference, the parties came to an agreement on and withdrew the majority of the contested exhibits. Plaintiff also did not oppose some of defendant's motions in limine. This opinion therefore addresses only those exhibits and motions in limine that remained contested.

**I. Contested Exhibits**

  **A. Plaintiff's Objections**

Plaintiff objects to the Declarations of Kerrin Kriewaldt, Allyn Mathwich and Jeffrey Jackson as inadmissible hearsay. The court agrees that they are hearsay and do not qualify for any exceptions to the hearsay rule. The declarations will, therefore, be excluded as evidence at trial. The parties are free, however, to use the declarations to refresh the recollection of the witnesses or as prior inconsistent statements for impeachment purposes. Plaintiff also objects to certain personal opinions offered by Kriewaldt in her declaration, arguing that they are not based on firsthand knowledge and are therefore speculation. The

court will reserve ruling on the admissibility of this testimony until a proper foundation has been laid at trial.

Plaintiff also objects to the Wisconsin Motor Vehicle Accident Report as inadmissible hearsay. Defendant argues, and the court agrees, that the Report qualifies as a public record under Federal Rule of Evidence 803(8) and falls within one of the exceptions to the hearsay rule. Plaintiff also expresses concerns about statements made by others within the report insofar as they constitute hearsay. Without the specific statements identified, the court reserves ruling on the admissibility of any such statements to determine whether defendant can demonstrate that they fall within one of the exceptions to the hearsay rule.

### B. Defendant's Objections

Defendant objects first to the letter denying plaintiff long-term care insurance. Plaintiff has agreed to withdraw that exhibit, but still seeks leave to offer testimony as to the letter's effect on him. The court will permit such testimony.

Defendant also objects to the Life Table as unauthenticated. Such records are generally self-authenticating, and the court will take judicial notice of the Life Table pursuant to Rule 201(b)(2), unless defendant at trial offers some evidence as to why the Table cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Defendant also objects to the depositions of Jeffrey Jackson, Terri DeBroux and Ivan Schaller and attached exhibits. The court agrees that the depositions themselves may not be entered into evidence but may be used for impeachment purposes or to refresh a witness's

2

recollection.  The court reserves ruling on the exhibits attached subject to an independent basis for admissibility.

The remainder of defendant's contested objections are part of their motions in limine and will be addressed below.

## II. Motions in Limine

Defendant's motion in limine 1 asks the court to exclude the Functional Capacity Evaluation ("Evaluation") performed on plaintiff at the request of counsel, arguing that it is hearsay created for litigation purposes.  Defendant also moves to exclude Dr. Schaller's testimony in reliance on that Evaluation.  Plaintiff argues that the Evaluation constitutes an admissible medical record, and that even if the Evaluation itself is inadmissible, Dr. Schaller may rely on it in his testimony pursuant to Federal Rule of Evidence 703.

The court agrees that the circumstances surrounding the evaluation indicate that it was prepared for the purposes of litigation and that it is therefore inadmissible hearsay.  The court does find, however, that the Evaluation includes data that Dr. Schaller has been made aware of and that the Evaluation is of the type of data that an expert in his field would rely upon in forming an opinion.  Therefore, Dr. Schaller may rely on the FCE in his own testimony, to the extent that it forms part of plaintiff's Rule 26(a)(2) expert disclosures.

Defendant's motion in limine 2 asks the court to exclude any testimony of Dr. Schaller that is not part of plaintiff's disclosures.  Absent any evidence to the contrary, the court agrees with plaintiff that Dr. Schaller is not a paid expert and is therefore subject to the requirements of Rule 26(a)(2)(C), requiring that plaintiff disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and

opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). But the court agrees with defendant that the plaintiff must be confined to those opinions and facts expressed in those disclosures. Defendant has a right to rely on the disclosures provided. Accordingly, the court will exclude any expert testimony offered by Dr. Schaller that is not set forth in the Rule 26(a)(2)(C) disclosures, which the court understands to be comprised of Dr. Schaller's two letters (dkt. ##74, 75).

Defendant's motion in limine 6 asks the court to exclude evidence relating to plaintiff's denial of long-term care insurance. As discussed above, the court will exclude the exhibit at issue but permit plaintiff to testify as to its effect on him.

Finally, defendant's motion in limine 7 asks the court to exclude lay testimony relating to the legal standard of care in a negligence case. To the extent that defendant has identified the testimony at issue, the court will deny this motion. Jackson appears to have been testifying to his own views as to his obligations behind the wheel, which he is permitted to do. To the extent that any testimony *is* offered on legal standards, the court will, of course, exclude that testimony.

    IT IS ORDERED that:

1) Exhibits 560 (Kerrin Kriewaldt Declaration), 570 (Allyn Mathwich Declaration) and 531 (Jeffrey Jackson Declaration) are excluded and will not be entered into evidence but may be used to refresh recollection or impeach as prior inconsistent statements. To the extent that Kriewaldt wishes to testify as to her own personal opinions and impressions, the court reserves ruling on the admissibility of that testimony so as to determine whether the requisite foundation has been laid.

2) Exhibit 520 (the Wisconsin Motor Vehicle Accident Report) is admitted as a public record. To the extent that it contains hearsay that is not a party opponent admission, the court will address those issues at trial.

3) Exhibit 26 (denial of long-term care insurance) is excluded.  However, plaintiff may testify as to the denial of long-term care insurance insofar as it relates to its effect on him.

4) The court will take judicial notice of Exhibit 30 (Life Table), unless defendant at trial offers a reason as to why that record is not self-authenticating.

5) The depositions of Jeffrey Jackson (Exhibit 9), Terri DeBroux (Exhibit 11) and Ivan Schaller (Exhibit 24) are excluded but may be used for impeachment purposes or to refresh recollection.

6) The court RESERVES ruling on exhibits attached to the depositions of Jackson, DeBroux and Schaller subject to an independent basis for admissibility.

7) Defendant's motion in limine 1 is GRANTED IN PART and DENIED IN PART. The Functional Capacity Evaluation (dkt. #76) is excluded as a document prepared for the purposes of litigation.  However, Dr. Schaller may rely on the Functional Capacity Evaluation as data on which he would reasonably rely in forming his own opinion.

8) Defendant's motion in limine 2 is GRANTED.  Any testimony of Dr. Schaller not included in plaintiff's Rule 26(a)(2)(C) disclosures (dkts. ## 74, 75) is excluded.

9) Defendant's motions in limine 3, 4 and 5 are unopposed and GRANTED.

10) Defendant's motion in limine 6 is GRANTED except that plaintiff may testify as to the denial of long-term care insurance insofar as it relates to its effect on him as set forth above.

11) Defendant's motion in limine 7 is DENIED based on the testimony provided. Jackson will not, however, be permitted to testify as to legal standards but is permitted to testify as to his own views as to what his obligations are.

12) The parties should coordinate with one another before trial to determine a rough order for their liability witnesses and at the close of trial on Monday, September 30th, for damage witnesses.

13) In light of the court's rulings, the parties may revisit their deposition designations and should coordinate with one another to the extent possible in that regard.

5

14) The parties should provide exhibits in advance at the location of witnesses testifying by video to the extent that each witness is expected to testify as to those exhibits.

Entered this 27th day of September, 2013.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  WILLIAM M. CONLEY
                                  District Judge